UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KANDICE SIMMONS & TAMIKA KILGORE, individually and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>ENTERPRISE HOLDINGS, INC. f/k/a "Enterprise Rent-A-Car Company" and EAN SERVICES, LLC f/k/a "Enterprise Rent-A-Car Shared Services, LLC,"<br><br>     Defendants. | CASE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Kandice Simmons and Tamika Kilgore, individually and on behalf of all others similarly situated, for their Complaint against Defendants Enterprise Holdings, Inc. and EAN Services, LLC (hereinafter collectively "Enterprise"), state and allege as follows:

**Nature of Case**

1. Enterprise employs customer service representatives ("CSRs") to staff customer service telephone lines at call centers, including a call center located in St. Louis County, Missouri, and to staff such telephone lines from their homes. During the relevant time periods preceding this action, Enterprise required these CSRs to log into various computer programs and applications to be ready to begin taking calls before the beginning of their paid shifts, to log into computer programs and applications during their unpaid lunch breaks, to log out of computer applications after completion of their paid shifts, and to read company communications outside their paid shifts. All such actions were performed for the primary benefit of Enterprise. As such, Enterprise received unpaid labor from its CSRs each and every day. Plaintiffs seek to recover

unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Missouri law.

## Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated CSRs is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367.

3. Missouri law authorizes court actions by private parties to recover damages for violation of Missouri's wage and hour laws. R.S. Mo. § 290.527. Jurisdiction over Plaintiffs' state law claims is based on 28 U.S.C. §§ 1332(d)(2) and 1367 and R.S. Mo. § 290.527.

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Enterprise does business in this district, employs CSRs to work in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

5. Plaintiff Kandice Simmons resides in the County of St. Louis, Missouri and she previously worked at Enterprise's call center in St. Louis County, Missouri from approximately August, 2004, through about November 2007, and she worked from home as a CSR for Enterprise from about November 2007, through November 2008. Plaintiff Simmons' consent to join this action is attached hereto as "Exhibit 1."

6. Plaintiff Tamika Kilgore resides in the County of St. Louis, Missouri and she previously worked at Enterprise's call center in St. Louis County, Missouri from approximately December 2003, through about July 2008, and she worked from home as a CSR for Enterprise from about July 2008, through December 2008. Plaintiff Kilgore's consent to join this action is

attached hereto as "Exhibit 2."

7. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated CSRs employed by Enterprise as CSRs in the last three (3) years.

8. Plaintiffs bring Counts II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated CSRs employed on an hourly basis by Enterprise in Missouri within the last two (2) years.

9. Plaintiffs bring Counts III through V of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated CSRs employed on an hourly basis by Enterprise in Missouri within the last five (5) years.

10. Defendant Enterprise is a Missouri corporation maintaining its principal place of business within the County of St. Louis, Missouri.

**General Allegations**

11. The United States Supreme Court held that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to Enterprise's CSRs.

12. Plaintiffs and similarly situated CSRs have engaged in preparatory activities and other related work activities that are integral and indispensable for them to perform their customer service duties. Enterprise does not pay its CSRs for this work time; consequently, these CSRs consistently worked "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States

3

Department of Labor, Plaintiffs and all similarly situated CSRs are entitled to compensation for the time spent working before and after their paid shifts and during unpaid lunch breaks.

13. Enterprise uniformly denied wages and overtime pay to its CSRs by requiring them to perform "off the clock" work including logging into and out of various computer applications, reading company communications, and completing documentation, all outside of paid work time.

14. The deliberate failure of Enterprise to pay CSRs their earned wages and overtime compensation violates the FLSA and Missouri law.

15. Enterprise paid Plaintiffs and its other CSRs on an hourly basis, and classified Plaintiffs and other CSRs as "non-exempt" under the FLSA and Missouri's wage and hour laws.

16. Enterprise did not accurately record all time worked by the CSRs, and specifically did not include time these CSRs spent performing integral and indispensable job duties, including logging on and off various computer applications, reading company communications, and completing documentation.

17. Enterprise required these CSRs to be "ready to work" at the beginning of their paid shift and at the end of their unpaid lunch breaks. "Ready to work" meant CSRs were ready to answer phone calls after completing the following "off-the-clock" tasks: (1) booting up computers; (2) logging on to Enterprise's network; and (3) logging on to necessary computer programs and applications, and (4) completing other essential tasks.

18. Enterprise did not pay Plaintiffs and the CSRs to perform these integral and indispensable tasks.

19. The net effect of the policies and practices maintained and administered by Enterprise, instituted and approved by company managers, is that Enterprise willfully failed to

4

pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.  Enterprise thus enjoyed ill-gained profits at the expense of its CSRs.

## Collective Allegations

20. Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

21. Plaintiffs, individually and on behalf of other similarly situated CSRs, seek relief on a collective basis challenging, among other FLSA violations, Enterprise's practice of failing to accurately record, and pay for, all overtime hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Enterprise's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

22. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):

> All current and former hourly CSRs employed by Enterprise in Missouri within two (2) years proceeding the date of filing this action.

23. Plaintiffs bring Counts III through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons:

> All current and former hourly CSRs employed by Enterprise its Missouri within five (5) years proceeding the date of filing this action.

24. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated CSRs who do not opt-out of the class.

25. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

26.     The class satisfies the numerosity standards.  The Class consists of hundreds or thousands of persons who are believed to be geographically dispersed.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

27.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from Enterprise's actions include, without limitation, the following:

>    (i)    Whether Enterprise failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et* seq.,
>
>    (ii)   Whether Enterprise failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520.
>
>    (iii)  Whether contracts existed between Enterprise and Class members requiring payment of wages,
>
>    (iv)   Whether Enterprise breached and violated Contracts with Class members by failing to pay wages for time worked,
>
>    (v)    Whether Enterprise is liable to Class members pursuant to quantum meruit, and
>
>    (vi)   Whether Enterprise has been unjustly enriched by its failure to pay Class members for time worked.

28.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient

adjudication of the state law claims.

29.	Plaintiffs' claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar CSR positions as Plaintiffs were subject to the same unlawful practices as the Class.

30.	A class action is the appropriate method for the fair and efficient adjudication of this controversy. Enterprise has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Enterprise, and/or substantially impairing or impeding the ability of Class members to protect their interests.

31.	Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

32.	Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

33.	Plaintiffs reassert and re-allege the allegations set forth above.

34. At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

35. The FLSA regulates, among other things, the payment of overtime to CSRs who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

36. Enterprise is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its CSRs are engaged in commerce.

37. Enterprise violated the FLSA by failing to pay for overtime.

38. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of CSRs from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or other similarly situated CSRs.

39. Plaintiffs and all similarly situated CSRs are victims of a uniform compensation policy.  Upon information and belief, the same unlawful compensation policy is applied to all Enterprise's CSRs.

40. Plaintiffs and all similarly situated CSRs are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Enterprise acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

41. Enterprise has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated CSRs are entitled to recover an award of liquidated damages in an

amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Enterprise did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated CSRs are entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Enterprise from Plaintiffs and all similarly situated CSRs.  Accordingly, Enterprise are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated CSRs demand judgment against Enterprise and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of Missouri's Wage and Hour Laws

43. Plaintiffs reassert and re-allege the allegations set forth above.

44. At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, R.S. Mo. § 290.500 *et seq*.

45. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein.  R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

46. During all times relevant to this action, Defendants were the "employers" of

Plaintiffs and the Class within the meaning of the Missouri's wage and hour laws.  R.S. Mo. §§ 290.500(3) & (4).

47. During all times relevant to this action, Plaintiffs and the Class were Enterprise's "employees" within the meaning of Missouri's wage and hour laws.  R.S. Mo. §§ 290.500(3).

48. Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiffs or the Class.  R.S. Mo. §§ 290.500(3).

49. Pursuant to Missouri's wage and hour laws, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.  R.S. Mo. § 290.505.1.

50. Enterprise, pursuant to its policy and practice, violated Missouri's wage and hour laws by refusing and failing to pay Plaintiffs and other similarly situated CSRs overtime wages required under Missouri law.  R.S. Mo. § 290.505.1.

51. Plaintiffs and the Class are victims of a uniform and employer-based compensation policy.  This uniform policy, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Class members.

52. Plaintiffs and all similarly situated CSRs are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages.  R.S. Mo. § 290.527.

53. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

54. Enterprise is liable pursuant to R.S. Mo. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated CSRs demand judgment against Enterprise and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count III – Breach of Contract

55. Plaintiffs reassert and re-allege the allegations set forth above.

56. During times relevant, Plaintiffs and all others similarly situated entered into contracts with Enterprise whereby such persons agreed to perform services as part of their employment by Enterprise and Enterprise agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

57. Enterprise breached and violated the Contracts by failing to pay Plaintiffs and all others similarly situated for time worked.

58. Prior to Enterprise's breach and violation of the Contracts, Plaintiffs and all others similarly situated performed their duties under the Contracts.

59. As a direct result of Enterprise's violations and breaches of the Contracts, as aforesaid, Plaintiffs and all others similarly situated have been damaged.

60. Plaintiffs and all similarly situated CSRs are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

61. Plaintiffs and the Class are entitled to an award of pre-judgment and post-

11

judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiffs and all similarly situated CSRs demand judgment against Enterprise and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count IV – Quantum Meruit

62. Plaintiffs reassert and re-allege the allegations set forth above.

63. Enterprise recognized the benefits conferred upon it by Plaintiffs and others similarly situated.

64. Enterprise accepted and retained the benefits under circumstances that would render such retention inequitable.

65. Enterprise has thereby been unjustly enriched and / or Plaintiffs and others similarly situated have been damaged.

66. The payment requested by Plaintiffs and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

67. Plaintiffs and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

68. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiffs and all similarly situated CSRs demand judgment against Enterprise and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair

and equitable.

## Count V – Unjust Enrichment

69. Plaintiffs reassert and re-allege the allegations set forth above.

70. Plaintiffs and others similarly situated conferred benefits on Enterprise and Enterprise received such benefits conferred upon it by Plaintiffs and those similarly situated.

71. Enterprise appreciated the fact of the benefits.

72. Enterprise accepted and retained the benefits in circumstances that render such retention inequitable.

73. Enterprise has thereby been unjustly enriched and / or Plaintiffs and others similarly situated have been damaged.

74. Plaintiffs and all similarly situated CSRs are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

75. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiffs and all similarly situated CSRs demand judgment against Enterprise and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

WEINHAUS & POTASHNICK
/s/ Mark Potashnick
Mark Potashnick, E.D. Mo. #35970
Todd J. West, E.D. Mo. # 371891
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone (314) 997-9150
Facsimile (314) 997-9170
markp@wp-attorneys.com
toddw@wp-attorneys.com

LAW OFFICE OF KRISTIN F. WHITTLE, LLC
Kristin Whittle-Parke, E.D. Mo. # 36549
11901 Olive Blvd., Suite 200
St. Louis, Missouri  63141
Telephone: (314) 439-5291
Facsimile: (314) 439-5290
kwhittlelaw@aol.com

Attorneys for Plaintiff Kandice Simmons,
Tamika Kilgore and all those similarly situated