UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KANDICE SIMMONS & TAMIKA KILGORE, individually and on behalf of others similarly situated,

Plaintiffs,

vs.

ENTERPRISE HOLDINGS, INC. f/k/a "Enterprise Rent-A-Car Company" and EAN SERVICES, LLC f/k/a "Enterprise Rent-A-Car Shared Services, LLC,"

Defendants.

Case No. 4:10CV00625 AGF

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (Doc. 15). Named Plaintiffs Kandice Simmons and Tamika Kilgore are customer service employees of Defendants Enterprise Holdings, Inc. and EAN Services, LLC (hereinafter collectively referred to as "Enterprise"), who staff customer service telephone lines at call centers and from their homes. In their complaint, plaintiffs allege that Enterprise violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by requiring them to work before, during, and after their paid shifts without compensation. Plaintiffs now move for conditional certification of this case as a collective action under FLSA so that they may notify certain past and present Enterprise employees of this action and provide them the opportunity to "opt in" as plaintiffs to this

litigation.[1] Enterprise opposes conditional certification on various grounds. The Court will grant plaintiffs' motion for the reasons that follow.

Background

Enterprise employs customer service representatives ("CSRs") who work at Enterprise's St. Louis County call center and from home, fielding calls for reservations and other rental-related issues from customers and potential customers of Enterprise. Simmons worked as a CSR at Enterprise's St. Louis County call center from August 2004 to November 2007, and she worked from home as a CSR for Enterprise from November 2007 to November 2008. Kilgore worked as a CSR at Enterprise's St. Louis County call center from December 2003 to July 2008, and she worked from home as a CSR for Enterprise from July 2008 to December 2008. CSRs are paid on an hourly basis and usually work 40 hours per week. To handle the telephone calls, CSRs are required to log in and use a computer system, a telephone system, and various computer programs, applications, and data. Plaintiffs allege that they were not paid for the time it took them to perform these tasks. Instead, Plaintiffs claim that they were required by company policy to complete all of these tasks before the start of their shift and before they had clocked in, so that they could be "ready to take calls" at the start of their scheduled shifts and before they received their first call of the day. Plaintiffs also claim that it was Enterprise's policy and practice to require Plaintiffs to re-access their computer programs, applications, and

[1]Numerous Enterprise employees have already filed consents to join this action even though it has not yet been certified as a collective action.

data before they clocked back in from their lunch breaks, so that they would be "ready to take calls" by the end of their lunch breaks. Plaintiffs were informed by Enterprise's trainers and supervisors that clocking in before accessing the programs, applications, and data would hurt their "productivity ratings" and "schedule adherence ratings."[2] They were also told that they could not effectively provide quality customer service if all their programs, applications, and data were not available to them by the time they began receiving calls. Enterprise has presented evidence disputing these allegations.

With the instant motion, Plaintiffs request an order granting conditional class certification certifying this case as a collective action and authorizing Plaintiffs to send notice under § 216(b) of the FLSA to "all similarly situated present and former CSRs who have worked at Defendants' St. Louis County call center and/or from home any time during the past three (3) years." Plaintiffs also seek an order requiring Enterprise to provide them with the names, last known mailing addresses, phone numbers, and email addresses of each such employee in a readable electronic format, and to conspicuously post notice of this case in the break rooms of its St. Louis County call center during the opt-in period.

Discussion

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a workweek in excess of 40 hours unless the employee is compensated for

[2] Enterprise required CSRs to keep minimum 89 percent "productivity rating" and 93 percent "schedule adherence rating."

her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. FLSA also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. The FLSA does not define the term "similarly situated."[3] Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b), the district courts in this circuit use a two-step analysis. See, e.g., Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010); Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1163-64 (D. Minn. 2007); Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005); Dietrich v. Liberty Square L.L.C., 230 F.R.D. 574, 576-77 (N.D. Iowa 2005); McQuay v. Am. Int'l Grp., Inc., No. 4:01CV00661, 2002 WL

[3] A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA, a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. Id.; see also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

31475212, at *2 (E.D. Ark. 2002).

As is typical under the two-step process, Plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation. See Davis, 408 F. Supp. 2d at 815. At this first step in the process, the Court does not reach the merits of Plaintiffs' claims. Kautsch v. Premier Commc'ns, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 363 (W.D. Mo. 2007); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Plaintiffs' burden at this stage is not onerous. See Kautsh, 504 F. Supp. 2d at 688; Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (asserting that burden at first stage is "not rigorous"). Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d at 815 (citation omitted). "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast, 243 F.R.D. at 363. That determination is made during the second step of the process, after the close of discovery. Id. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F. Supp. 2d at 1149. Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F. Supp. 2d at 1163.

"At the second step of the process, the defendant may move to decertify the class." Kautsch, 504 F. Supp. 2d at 288. This is typically done after the close of discovery when

the Court has more information and is able to make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F. Supp. 2d at 815. To be similarly situated, however, "class members need not be identically situated." Fast, 243 F.R.D. at 363.

Having reviewed Plaintiffs' motion in light of the relevant standards, the Court finds that they have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate. Plaintiffs have come forward with substantial allegations that they and the other members of the proposed collective action were victims of a single plan, practice and policy to deprive them of compensation, namely, that they were required to perform certain work "off-the-clock," including but not limited to logging onto computers, accessing computer programs, applications and data, and log onto telephones, without getting paid for it. Although Defendant has presented evidence that clocking in and log-in requirements might vary among supervisors and individual CSRs, Plaintiffs have still adequately alleged that they and the other Enterprise employees they seek to represent were required to perform similar work without pay, and they have adequately described the work in sufficient detail so that other proposed members of the collective action who performed similar tasks may be identified and notified of the action. See Bishop v. AT&T Corp., 256 F.R.D. 503, 507 (W.D. Pa. 2009) (conditionally certifying collective action involving unpaid overtime at call centers and noting that "[e]numerating the specifics of how each call center accounts for employee work hours does not counter an allegation of a common policy of denying payment for

such hours"); Busler v. Enersys Energy Prods., Inc., No. 09-00159-CV-W-FJG, 2009 WL 2998970, at *3 (W.D. Mo. Sept. 16, 2009) (conditionally certifying collective action, despite potential distinctions among plaintiffs, because plaintiffs presented enough evidence at initial stage that employees were "similarly situated and subject to a common practice").

That clocking in and log-in requirements might vary among supervisors and individual CSRs does not mean that the named Plaintiffs are not members of the class they are seeking to represent. See Loomis v. CUSA LLC, 257 F.R.D. 674, 676 (D. Minn. 2009) (finding that the court does not make credibility determinations or findings of fact with respect to contradictory evidence submitted by parties at this initial stage). To the extent that this and Enterprise's other arguments regarding individualized inquiries and defenses go to the merits of Plaintiffs' claims, they are not yet ripe for resolution. See Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, at *2 (W.D. Mo. Jan. 12, 2010) (holding that Defendant's arguments going to the merits of the claims should not be resolved on a motion for conditional class certification); McKinzie v. Westlake Hardware, Inc., No. 09-0796-CV-W-FJG, 2010 WL 2426310, at *4 (W.D. Mo. June 11, 2010) (holding that individual defenses would be better considered at a later stage, not in a motion for conditional certification of a class).

Moreover, Enterprise's argument that Plaintiffs have failed to allege overtime is misplaced. Plaintiffs have submitted declarations that they worked 40 hours per week, and that much of the unpaid time they allege to have spent logging in to computers and

telephones and accessing programs, applications and data resulted in them working more than 40 hours a week. Whether Plaintiffs actually worked more than 40 hours per week also goes to the merits, and will be addressed at a later stage of the litigation. Greenwald v. Phillips Home Furnishings, Inc., No. 4:08CV1128 CDP, 2009 WL 259744, at *6 (E.D. Mo. Feb. 3, 2009) (holding that whether plaintiffs actually worked more than 40 hours goes to the merits).

For purposes of this motion, these arguments also do not preclude conditional certification of a collective action. After discovery is complete and the matter is fully briefed, Enterprise may move to decertify the collective action for this (or some other) reason. But the Court will not deny conditional certification of the proposed collective action simply because Plaintiffs may not ultimately prevail on their FLSA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (Doc. 15.) is **GRANTED**, and the Court conditionally certifies a class of all similarly situated present and former customer service employees who have worked at Defendants' St. Louis County call center and/or from home, at any time during the past three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs' attorneys with the names, last known mailing addresses, phone numbers, and email addresses of all potential class members, in a readable electronic format, within 14 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs may send out a notice and consent form consistent with Exhibits 3 and 4 to their memorandum in support of their motion for conditional certification, and Defendant shall be required to conspicuously post the notice in the break rooms of its St. Louis County call center until the opt-in period expires.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2011.