UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KANDICE SIMMONS & TAMIKA, KILGORE, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV00625 AGF |
| ENTERPRISE HOLDINGS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On March 9, 2011, the Court conditionally certified a class of all similarly situated present and former customer service employees who had worked at Defendants' St. Louis County call center and/or from home, at any time during the three (3) years prior to March 9, 2011. (Doc. 46.) Absent any objection by Defendants to the content or method of providing notice proposed by Plaintiffs, the Court also approved Plaintiffs' proposed notice, including Plaintiffs' request that Defendants conspicuously post the approved notice and consent form in the break rooms of their St. Louis County call center until the opt-in period expired. Id. On March 24, 2010, Defendants filed objections to Plaintiffs' proposed class notice, objecting for the first time in their briefs regarding conditional class certification to the posting of the notice in the workplace. (Doc. 48 at 3-5.) Following a telephone conference with counsel, the Court ordered the parties to proceed with notice by mail, and to file simultaneous briefs on the issue of the posting of notice.

Defendants argue that notice by first-class and electronic mail is sufficient in this case, and that requiring Defendants to post notice in the workplace is unnecessarily redundant and intrusive. In support, Defendants cite to Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500-01 (D. Neb. 2009), where the court held that unless and until Plaintiffs presented evidence that personal mailing would be an unreliable means of delivering notice to putative plaintiffs, notice by mailing would be the only court-approved method for disseminating notice of Plaintiffs' collective action. See id. Defendants argue that the plaintiffs in the present case have not made such a showing, and that workplace posting therefore should not be required. Defendants also cite to other cases in which courts have declined to require posting.

In response to Defendants' objection, Plaintiffs argue that Defendants' objection should be rejected as untimely. Plaintiffs also cite to other courts, especially noting other district courts within the Eighth Circuit, including the Eastern District of Missouri, that have approved the posting of notice in workplaces, without any such showing that mailing would be insufficient. See, e.g., Beasley v. GC Services, No. 4:09CV01748 CDP (E.D. Mo. March 8, 2011), aff'g Beasley v. GC Services, 270 F.R.D. 442, 445 (E.D. Mo. 2010); Ingraham v. Dixon Ambulance Dist., No. 10-4160-CV-S-ODS, 2010 WL 4534038, *2 (W.D. Mo. Nov. 1, 2010); Dernovish v. AT&T Opers., Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, *2 (W.D. Mo. Jan. 12, 2010); In re Pilgrim's Pride FLSA Litig., MDL No. 1:07CV1832, 2008 WL 2061265, *1 (W.D. Ark. May 14, 2008); Boyle v. Barber & Sons Co., No. 03-0574-CV-W-FJG, 2004 WL 5897946, *5 (W.D. Mo. May 21, 2004).

The Court finds little basis for imposing a presumption that notice by mail should be the only approved method of providing notice absent a showing by the plaintiffs that personal mailing would be unreliable. And the cases cited by Martinez do not support the adoption of such a presumption. Rather, a review of the case law convinces this Court that the better course is to determine what constitutes fair and proper notice based on the facts of each case. See Mowdy v. Beneto Bulk Transport, No. C 06-05682, 2008 WL 901546, at *9 (N.D. Cal. March 31, 2008).

Defendants argue that notice by mail will be sufficient, especially as they have agreed to hand-deliver any notice addressed to a current employee that is returned. The Court notes, though, that "[a]t this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." Kautsch v. Premier Communs., 504 F.Supp.2d 685, 690 (W.D. Mo. 2007). Here, the putative class is not limited to current employees and includes those who have worked from home, and current employees, who may or may not be members of the putative class, may be in a position to provide notice to former employees whose contact information has changed. Thus, the posting will not simply be redundant, as Defendants suggest.

Moreover, the posting requirement will not be unduly burdensome, or unduly intrusive, as Defendants contend, as it is limited to the break rooms of Defendants' St. Louis County call center. Nor is the Court persuaded by Defendants' generalized assertions that the posting may cause unnecessary confusion or distraction, as they point to no language in the proposed notice that is misleading or likely to confuse non-members of the putative class. To the extent that Plaintiffs request that the opt-in period or tolling

period be extended to permit a full 90 days of notice by posting, however, the request shall be denied. The Court finds that posting within 10 days of the date of this Order, and continuing until the end of the opt-in period, will suffice as a supplement to notice by mail.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's March 9, 2011 Order is reaffirmed, and within ten (10) days of the date of this Order, Defendants shall conspicuously post the notice and consent form, approved in the Court's March 9, 2011 Order, in the break rooms of their St. Louis County call center until June 29, 2011, the date the opt-in period expires.

                                                     _____
                                                   AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2011.