UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KANDICE SIMMONS & TAMIKA KILGORE, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV00625 AGF |
| ENTERPRISE HOLDINGS, INC. f/k/a "Enterprise Rent-A-Car Company" and EAN SERVICES, LLC f/k/a "Enterprise Rent-A-Car Shared Services, LLC," | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Consent to Join Form on Behalf of Plaintiff Doe 1 (Doc. 64). On March 9, 2011, the Court conditionally certified Plaintiffs' collective class action claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and authorized Plaintiffs to send notice and consent to join forms to putative collective action plaintiffs. (Doc. 46.) On Friday, April 8, 2011, Plaintiffs' attorney received by mail a blank consent form and envelope (Doc. 64-1), and Plaintiffs' attorney has been unable to determine the identify of the person who submitted the consent form. Plaintiffs therefore request that the Court allow them to file the blank consent form on behalf of "Plaintiff Doe 1," and that the Court toll Doe 1's FLSA statute of limitations as of April 8, 2011 and allow Doe 1 to be substituted by name if and when that person is later identified.

Defendants object to Plaintiffs' motion because the instructions to opt-in to the case only require a putative plaintiff to provide his or her name, address, telephone number, and e-mail

address, and this putative plaintiff has provided none of that information.  Defendants also note that Plaintiffs have not proposed how they intend to verify the identify of Doe 1, and argue that there is a risk that the person could be misidentified or that someone could attempt to take advantage of the tolling of the statute of limitations to review or potentially enlarge a claim.  In response, Plaintiffs state that they do not intend to make affirmative efforts to identify Doe 1, but only intend to wait and see if the person who submitted the form later identifies himself or herself.

Because Plaintiffs do not intend to communicate with the class to identify Doe 1, but rather intend to wait and see if Doe 1 later identifies himself or herself, the Court is satisfied that there is minimal risk of misidentification or misuse of Doe 1's consent form, subject to Plaintiffs establishing, to the Court's satisfaction, that Doe 1 is properly identified.  Should Defendants later feel that Doe 1 has been wrongfully identified, they may challenge such identification and seek further discovery on the matter.  Therefore, the Court will grant Plaintiffs' motion and toll Doe 1's statute of limitations as of April 8, 2011, subject to Plaintiffs' proper future identification of Doe 1.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Consent to Join Form on Behalf of Plaintiff Doe 1 (Doc. 64) is **GRANTED**, in part.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2011.