UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KANDICE SIMMONS & TAMIKA, | ) | |
| KILGORE, individually and on behalf | ) | |
| of others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV00625 AGF |
| | ) | |
| ENTERPRISE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action for relief under the Fair Labor Standards Act , ("FLSA"), 29 U.S.C.

§201 *et seq*., and Missouri's Wage Payment Law, Mo. Rev. Stat § 290.010 *et seq*., is

before the Court on the unopposed motion of Plaintiffs Kandice Simmons and Tamika

Moore, individually and on behalf of others similarly situated, for Certification of a Class

For Settlement Purposes, Preliminary Approval Of Class Settlement Agreement,

Approval Of Notice To Class Members, and Hearing For Final Approval of the Parties'

Class Action Settlement Agreement.  (Doc. No. 143.)

On April 13, 2010, Plaintiffs, individually and on behalf of others similarly

situated, filed a complaint against Defendants Enterprise Holdings, Inc., and EAN

Services LLC, alleging that they and other non-exempt hourly customer service

representatives employed at Defendants' call center located in Saint Louis County,

Missouri, were not compensated for work-related activities performed before their

scheduled shift time, during unpaid lunch breaks, and after their shifts.  The Court then

conditionally certified a plaintiff class under the FLSA and notice of the opportunity to

join in the suit was approved and sent to putative class members.  Following discovery,

the matter was referred for mediation.  After a day-long mediation session, the parties

achieved a proposed class action settlement, the terms and conditions of which are set

forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement") (Doc.

144-1).

        In the present unopposed motion, Plaintiffs seek preliminary approval of a

settlement class pursuant to the procedures set forth in Federal Rule of Civil Procedure

23(e) for the settlement of class actions.  In the context of Rule 23(e), this Court may,

upon request of the parties, certify a class solely for purposes of settlement after making a

"determination that the proposed class satisfies the criteria set out in Rule 23(a) and at

least one of the subsections of Rule 23(b)."   Manual for Complex Litig. (Fourth) §

21.632 (2004)("Manual Fourth"); Fed. R. Civ. P. 23(e).

        The parties have stipulated and agreed that the proposed class ("Settlement Class")

shall be defined as "those current and former employees who were employed as customer

service representatives at Defendants' St. Louis Contact Center, regardless of their

specific job titles and including remote team customer service representatives who had

completed their training and were serving as customer service representatives at any time

from April 13, 2008, through September 5, 2011."  (Doc. No. 144-1, at 2.)

        The Court finds, on the basis of Plaintiffs' memorandum in support of this motion,

that the class proposed by the parties meets the requirements of Rule 23(a).  Specifically,

the Court finds the class, in excess of two hundred members, so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the proposed settlement class; that the claims of the representative Plaintiffs are typical of the claims of members of the proposed settlement class; and that the representative Plaintiffs will fairly and adequately represent the interests of the proposed settlement class.  Fed. R. Civ. P. 23(a).

In addition, the Court finds that the Settlement Class satisfies the requirements of Rule 23(b)(3).  There are common issues of law and fact among the proposed class members and the common issues predominate over individual issues.  Further any individual differences between the class members, such as hours worked and "sign-in/sign out" techniques do not give rise to conflicts of interest among them.  The individual class members have little to gain by separately pursuing the litigation and a class action provides a more efficient means of presenting their claims.  The Court is not aware of any litigation already commenced by or against these parties concerning the issues in this suit, and given the presence of both parties in this forum, it is a desirable forum for each party.  Finally, the class is numerous in size, but not overwhelming, and the issues among class members are relatively consistent.  No conflicts of interest between the representative Plaintiffs and members of the Settlement Class have been asserted or identified.  Accordingly, and upon consideration of Plaintiffs' submissions in support of its motion, the Court finds that the Settlement Class as defined above, meets the requirements of Rule 23 and should be certified.  *See Amchem Prods. V. Windsor*, 521 U.S. 591,623 (1997) (applying Fed. R. Civ. P. 23(b)(3)).

3

The Plaintiffs also request preliminary approval of the proposed Settlement Agreement set forth in Doc. No.144-1.  In an FLSA action, before holding a hearing for final approval of the Settlement Agreement, the district court properly performs a preliminary fairness review of the proposed class settlement.  Manual Fourth, at § 21.632. It must "make a preliminary determination as to the "fairness, reasonableness, and adequacy of the settlement terms."  *Id.*  Only after a hearing and a finding that a bona fide dispute exists between the parties, and that the settlement is fair, reasonable, and adequate, may the Court enter its final approval of a settlement.  Fed. R. Civ. P. 23(e)(2); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Moore v. Ackerman Investment Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009); *Bailey v. Ameriquest Mortgage Co.*, No. 01-545 JRT/FLN , 2003 WL 23527788, at  *1 (D. Minn. Dec. 19, 2003).

"A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement."  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932-33 (8th Cir. 2005) (citations omitted).  The court is not required to make a detailed investigation consonant with trying the case; it must, however, provide a basis for determining that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate."  *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir.1988) (citations omitted). The most important consideration in deciding whether a settlement is fair, reasonable, and

adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement."  *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir.1999) (internal quotations omitted).

Upon preliminary review, the Court finds that the terms of the proposed Settlement Agreement appear to be fair, reasonable and adequate.  Taking into account the strengths of Plaintiffs' case and the defenses available to Defendant, the proposed Settlement Agreement appears to provide appropriate, substantial and immediate relief.  Given the problems of individualized proof Plaintiffs would likely encounter at trial, the monetary recovery based upon the number of weeks worked during the liability period defined by the parties appears to be fair and reasonable.  There has been no indication that Defendants will be unable to pay, or incur undue hardship as a result of, the settlement.  Given individualized problems of proof and anticipated defenses, further pursuit of the litigation would be complex and costly.  In settling, Plaintiffs avoid risking a portion of the recovery available to them, and Defendants avoid the distraction and expense of a possibly protracted trial.  Finally, at this juncture, no opposition to the Settlement Agreement has been noted.  In the event that there are such objections, the Court will entertain them during the fairness hearing pursuant to the procedures set forth in the proposed Notice To Class Members.  In light of the foregoing, the Court concludes that the proposed terms of the Settlement Agreement are within the range of possible approval, and will therefore set a hearing date for final approval of the Settlement Agreement.

Plaintiffs also seek approval of the proposed Notice To Class Members (Doc. No. 144-2).  Upon review of the Notice To Class Members, the Court finds, in accordance with *Petrovic*, 200 F.3d at 1153, that the proposed Notice To Class Members fully and accurately informs the Settlement Class of all material elements of the Settlement Agreement, of each Settlement Class member's right to be excluded from the class, and of each Settlement Class member's right and opportunity to challenge Defendants' records regarding the number of weeks he or she worked as a customer service representative during the liability period.  In addition, the proposed Notice To Class Members notes the hearing date; describes the Settlement Class and the action, claims, issues, and defenses; allows for the appearance of Settlement Class members; provides procedures for objecting to the proposed Settlement Agreement; discusses the treatment of attorney's fees; and explains the binding effect of a class judgment.  The notice is to be sent via first class mail to all known Settlement Class Members at their last known address based upon Defendants' employment records, with skip tracing to obtain current addresses and updated contact information received by Plaintiffs' counsel.  (Doc. No. 144, at 11.)  The Court therefore approves the proposed Notice To Class Members, finding that it constitutes valid, practicable, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Rule 23.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Certification of a Class For Settlement Purposes (Doc. No. 143) is **GRANTED**, certifying, pursuant to Federal Rule of Civil Procedure 23(e) and for settlement purposes only, a class consisting of:

6

Those current and former employees who were employed as customer service representatives at Defendants' St. Louis Contact Center, regardless of their specific job titles and including remote team customer service representatives who had completed their training and were serving as customer service representatives at any time from April 13, 2008, through September 5, 2011.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval Of Notice To Class Members (Doc. No. 143) is **GRANTED.**  The Court approves the proposed Notice to Class Members of Pendency of Class Action, Proposed Settlement, and Hearing.  The method for provision of notice shall comply with the terms proposed by the parties in the Settlement Agreement and set forth in this Order.  The parties shall use their best efforts to complete the provision of notice within thirty (30) days of the date of this Order. Counsel for Plaintiffs shall then file with this Court an affidavit or declaration stating that the mailing has been accomplished in accordance with the notice requirements set forth in the Settlement Agreement and this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for  Preliminary Approval Of Class Settlement Agreement and for a Hearing For Final Approval of the Parties' Class Settlement Agreement are **GRANTED**.  The Court will hold a fairness hearing on **Thursday, May 24, 2012, at 1:30 p.m., Thomas F. Eagleton Courthouse, 111 S. 10th St., Saint Louis, MO 63102** for purposes of determining whether final approval of the Class Settlement Agreement is appropriate, whether class counsel fairly and adequately protected the interests of the Settlement Class and whether class counsel's attorney's fees,

costs, expenses, and the class representative compensation set forth in Plaintiffs' Motion to Approve Fees and Costs (Doc. No. 146) should be approved by the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' previous motion for class certification (Doc. No. 128 ), filed prior to the parties' agreement, in principle, to settle the action is **DENIED without prejudice** to refiling in the event that a settlement is not approved.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2012.