UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KANDICE SIMMONS, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No. 4:10CV00625AGF |
| v. | ) |
| | ) |
| | ) |
| ENTERPRISE HOLDINGS, INC. and | ) |
| EAN SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), to recover unpaid overtime wages, is before the Court for final approval and entry of judgment. On March 6, 2012, the Court issued a Memorandum and Order (Doc. No. 150), granting certification of a class for settlement purposes, approving a form of notice to class members, and giving preliminary approval to the proposed class settlement agreement set forth in the Parties' Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement") (Docket No. 144-1). Plaintiffs also filed a Motion to Approve Fees and Costs (Doc. No. 146). After notice and hearing, and having considered all filings and proceedings herein, and noting that no objections to approval of the Settlement Agreement have been filed, the Court finds that the Settlement Agreement is fair, adequate, and reasonable and awards Plaintiffs their requested attorney's fees and costs.

**Applicable Law**

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1350, 1353 (11th Cir.1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8 (1946)).  Accordingly, as long as the Court is satisfied that a settlement reached in adversarial proceedings represents a fair and equitable compromise of a bona fide wage and hour dispute, the settlement may be approved, and stipulated judgment entered.  *Id.* at 1352; *see also Sanderson v. Unilever Supply Chain, Inc.*, No.10-CV-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011); *Moore v. Ackerman Investment Co.*, No.C 07-3058-MWB, 2009 WL 2848858, *2 (N.D. Iowa Sept. 1, 2009); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008).

To determine whether the settlement is fair and reasonable under the FLSA, courts routinely consider the same fairness factors typically applied to a class action certified under Federal Rule of Civil Procedure 23.  Those factors are: the extent of discovery that has taken place; the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; the absence of fraud or collusion in the settlement; the experience of counsel who have represented the plaintiffs; the opinions of class counsel and class members after receiving notice of the settlement whether

expressed directly or through failure to object; and the probability of the plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Moore*, 2009 WL 2848858, at *2 (citations omitted).

**Analysis**

The Court has jurisdiction over the subject matter of this proceeding and personal jurisdiction over all parties to this proceeding, including all class members. In addition, the Court finds, as set forth in its March 6, 2012 Order, that the Plaintiff Class is properly certified, pursuant to the applicable requirements, for final approval of this class action settlement under the FLSA and under the provisions of Fed. R. Civ. P. 23. The Court further finds that adequate notice of the proposed settlement has been disseminated to the 3,107 class members,[1] as set forth in the Settlement Agreement and previously approved by this Court. The notices informed class members of their right to exclude themselves from the Settlement, as well as their right to object to any aspect of the proposed settlement, including the estimated amount of their respective shares of the settlement fund.

After adequate notice, a hearing on the fairness, reasonableness, and adequacy of the settlement, and the expiration of the designated time for objection, no objection to the Settlement Agreement has been filed by any class member. Of the 3,107 potential class

---

[1] After two mailings, the parties delivered class notice packets to all but 48 of the 3107 class members.

members, 25 requested to opt out of the Settlement Agreement.[2]  Pursuant to its terms, the Settlement Agreement is binding on the named Plaintiffs and all class members who did not opt out, as well as their heirs, executors and administrators, successors and assigns, and those terms shall be res judicata and hold other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute released claims as set forth in the Settlement Agreement.

This settlement is the product of contested litigation, as the parties dispute nearly every aspect of this case.  Plaintiffs brought suit against their employer to recover allegedly unpaid overtime arising from tasks performed "off-the-clock" at the beginning and end of each work shift.  Defendant asserted various defenses, arguing that the amount of time at issues was *de minimis,* and citing variances between employees, applicable offsets, a favorable compliance audit, and remediation of the issue.  The parties vigorously contested conditional certification of the collective action on procedural and substantive grounds.  After the Court granted conditional certification, the parties engaged in extensive fact discovery, exchanging and reviewing more than 13,000 pages of documents.  The parties reached a settlement only after they participated in mediation sessions with an experienced mediator.  The Settlement Agreement resulted from

---

[2] At the hearings on the proposed settlement, the parties agreed to recognize all opt-out requests, including those that may not have been timely filed.

intensive, serious, and non-collusive arms-length negotiations, including mediation, and it takes into account the amount of overtime hours worked by the class members, the technical issues associated with calculating overtime hours, and the risks of continuing this litigation.

Each party was represented by competent counsel during settlement negotiations and throughout the pendency of this case. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation is not so advanced that the parties cannot realize significant benefits by settling before filing motions for summary judgment and trial.

The terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member. The Court approves payment of individual incentive awards to the named Plaintiffs in the amount of $6,000.00 as set forth in the Settlement Agreement for their services as class representatives and as consideration for providing a general release. Payment of these class representative incentive awards is reasonable and appropriate and shall be made from the settlement fund in accordance with the terms of the Settlement Agreement. *See, e.g., Crocker v. KV Pharmaceutical Co.*, No. 4:09-CV-198 (CEJ), at *8 (E.D. Mo. May 04, 2012) (approving an incentive awards of $4,000 and $8,000); *Wolfert v. UnitedHealth*

*Group, Inc.*, No. 4:08CV01643(TIA), at *4 (E.D. Mo. Aug. 21, 2009) (approving an incentive award of $30,000).

In granting final approval of the Settlement Agreement, the Court has considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

On the basis of the foregoing, the Court finds that the parties had a bona fide dispute, and that the Settlement Agreement is a good faith compromise, as neither party has received everything it demanded.  In addition, the Court finds no basis to doubt that the Settlement Agreement was made in good faith; and that the monetary value and terms of the Settlement are fair, reasonable, adequate, and in the best interest of all parties including each of the plaintiff class members.  Therefore, the Court will grant final approval of the terms and conditions contained in the Settlement Agreement.

Having approved the Settlement Agreement, the Court further finds that as of the date of this Memorandum and Order, the named Plaintiffs and all class members who did not affirmatively opt-out shall be bound by the releases set forth in the Settlement Agreement.  Except as to such rights or claims as may be created by the Settlement Agreement, all class members who did not timely opt out as of the date of this Memorandum and Order are hereby forever barred and enjoined from prosecuting or

seeking to reopen settled claims, and any other claims released by the Settlement Agreement against the Defendants.

Without affecting the finality of the Settlement or Judgment, this Court shall retain exclusive and continuing jurisdiction over the parties, including all class members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement The terms of the Settlement Agreement and this Memorandum and Order are binding on the named Plaintiffs, all other class members who did not opt out, and all class members who opted in, as well as their heir executors and administrators, successors and assigns, and those terms shall be *res judicata* and hold other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings constitute released claims as set forth in the Settlement Agreement.

**Attorney's Fees and Costs**

The requested attorney's fees and costs in this case are also reasonable. It is well established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

The Court confirms that class counsel, Mark Potashnick of Weinhaus & Potashnick and Kristin Whittle-Parke of the Law Office of Kristin F. Whittle, LLC, adequately and ably represented the Plaintiff class for purposes of entering into and

7

implementing the Settlement Agreement. As class counsel they have briefed contested issues, undertaken significant discovery, negotiated with opposing counsel, participated in mediation, and implemented all notification requirements.

Defendant does not oppose the amount of attorney's fees and costs requested by Plaintiffs' counsel and the Court's *in camera* review of the records supporting those fees persuades it that the request is reasonable based on the amount of time and effort expended in this case. Moreover, class counsel's request falls within the range of reasonableness and the Court is satisfied that the result achieved justifies the award.

Therefore, the Court concludes that an award of attorneys' fees and litigation costs in the amount of $267,753.80 as final payment for, and complete satisfaction of, any and all attorneys' fees and costs incurred by and/or owed to Class Counsel will be granted. The payment of fees and costs shall be made from the gross settlement fund in accordance with the terms of the Settlement Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion (Doc. No. 152) for Final Approval of the Parties' Class Action Settlement Agreement (Doc. No. 144-1) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' Unopposed Motion for Approval of Fees and Costs (Doc. No. 146) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall distribute the settlement funds, attorney's fees, and class representative's incentive award, in accordance with the terms of the Settlement Agreement within thirty (30) days of the date of entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the claims of all named Plaintiffs and all class members who did not affirmatively opt out of this action are **DISMISSED with prejudice**.

> *Audrey G. Fleissig*
> AUDREY G. FLEISSIG
> UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2012.